IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED HOLT and MARILIA COUTINHO ESPINOLA, | ) ) ) | |
| Plaintiffs, | ) ) | Case No: 1:25-cv-10936 |
| v. | ) ) | Judge LaShonda A. Hunt |
| BH MANAGEMENT SERVICES, LLC, AMZAK MEADOWS, LLC, AMZAK WAUKEGAN, LLC, KATRINA BLAIR, and LAQUEVIA MILLER, | ) ) ) ) ) ) | Magistrate Judge Keri L. Holleb Hotaling

Jury Trial Demanded |
| Defendants. | ) | |

**DEFENDANT AMZAK MEADOWS, LLC'S MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(1) AND (6)**

Defendant, AMZAK MEADOWS, LLC ("AMZAK Meadows" or "Defendant"), by and through its attorneys, Phillip G. Litchfield, Zachary G. Stillman, and Litchfield Cavo LLP, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss all claims in Plaintiffs' Complaint against it. In support of this Motion, Defendant states as follows:

**INTRODUCTION**

Plaintiffs Alfred Holt ("Holt") and Marilia Coutinho Espinola ("Espinola") (collectively, "Plaintiffs") filed their 136-page Complaint against defendants on September 25, 2025, following leave to proceed *in forma pauperis*. ECF Nos. 7, 12, 14. The Complaint interchangeably asserts fourteen overlapping federal and state claims against all named defendants, including alleged violations of the Fair Housing Act, the CARES Act, 42 U.S.C. §§ 1981 and 1982, and various Illinois common-law and statutory causes of action:

Plaintiffs' Complaint asserts claims against each defendant interchangeably, asserting the following claims:

- Count I – Fair Housing Act Discrimination (42 U.S.C. § 3604(b))
- Count II – Fair Housing Act Retaliation (42 U.S.C. § 3617)
- Count III – Illinois Retaliatory Eviction Act (765 ILCS 720/1)
- Count IV – CARES Act (15 U.S.C. § 9058)
- Count V – Race Discrimination in Contracting (42 U.S.C. § 1981)
- Count VI – Breach of Lease / Implied Covenant of Good Faith and Fair Dealing (Illinois common law)
- Count VII – Breach of the Implied Covenant of Quiet Enjoyment (Illinois common law)
- Count VIII – Trespass to Chattels / Conversion (Illinois common law)
- Count IX – Trespass and Intrusion Upon Seclusion (Illinois common law)
- Count X – Intentional Infliction of Emotional Distress (Illinois common law)
- Count XI – Negligent Hiring, Retention, and Supervision (Illinois common law)
- Count XII – Consumer Fraud and Deceptive Business Practices (815 ILCS 505/2)
- Count XIII – Abuse of Process (Illinois common law)
- Count XIV – Property Rights (42 U.S.C. § 1982)

Despite its length, the Complaint contains no factual allegations identifying any conduct by AMZAK Meadows or connecting AMZAK Meadows at all to the property where Plaintiffs reside. As established in the accompanying Affidavit of Jaime Whaley, attached hereto as Exhibit A, AMZAK Meadows does not own, lease, manage, or operate the premises located at 805 Baldwin Ave., Waukegan, Illinois 60085, and has no ownership, contractual, or operational relationship with Plaintiffs.

Accordingly, this action should be dismissed as to AMZAK Meadows. Because Amzak Meadows has no involvement whatsoever in the events alleged, Plaintiffs lack standing to assert any claim against it under Rule 12(b)(1). Alternatively, dismissal is warranted under Rule 12(b)(6), as the Complaint fails to allege any facts that could plausibly give rise to liability.

## **LEGAL STANDARD**

### I. 12(b)(1)

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). Standing is an essential component of subject matter jurisdiction, and the plaintiff bears the burden of establishing it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999).

A Rule 12(b)(1) motion may present either a facial or a factual attack on jurisdiction. *Apex Digital*, 572 F.3d at 443–44. A facial attack argues that the complaint itself fails to allege a basis for jurisdiction; in that case, the Court accepts all well-pleaded allegations as true and considers only the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). By contrast, a factual attack asserts that, although the complaint is formally sufficient, the facts in reality do not support jurisdiction. In that circumstance, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007)).

If the plaintiff fails to meet either burden, dismissal under Rule 12(b)(1) is proper. *Apex Digital*, 572 F.3d at 445–46.

### II. 12(b)(6)

A Complaint is subject to dismissal under Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In reviewing such a motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Horton v. Marovich*, 925 F. Supp. 540, 542–43 (N.D. Ill. 1996). However, legal conclusions and conclusory statements are not entitled to

the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Dismissal is therefore appropriate where, even accepting all well-pleaded facts as true, the complaint fails to allege a set of facts entitling the plaintiff to relief. *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

Rule 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

Although pro se pleadings are construed "generously" and reviewed "by substance, not label," *U.S. v. Hassebrock*, 21 F.4th 494, 498 (7th Cir. 2021); *U.S. v. Sutton*, 962 F.3d 979, 984 (7th Cir. 2020), they must still adhere to the procedural rules and requirements outlined by the Federal Rules of Civil Procedure, including pleading requirements. *See Johnson v. Prentice*, 29 F.4th 895, 903 (7th Cir. 2021).

## ARGUMENT

Because AMZAK Meadows has no ownership or connection to the subject property, dismissal is proper under Rule 12(b)(1) for lack of subject-matter jurisdiction. In the alternative, because the Complaint fails to allege any actionable conduct by AMZAK Meadows, dismissal is likewise warranted under Rule 12(b)(6).

### I. No Genuine Dispute Exists Regarding AMZAK Meadows' Lack of Involvement

The affidavit of Jaime Whaley establishes that AMZAK Meadows has no ownership, management, or operational relationship with the subject property. *See* Ex. A.

Plaintiffs offer no factual allegations suggesting otherwise. A defendant cannot be held liable under the Fair Housing Act or any other theory absent some factual nexus to the alleged wrongdoing. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (summary judgment appropriate where nonmovant fails to produce evidence on essential element); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Even construing the Complaint liberally, it contains only undifferentiated group allegations. That is insufficient as a matter of law. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Courts in Illinois, both federal and state, routinely dismiss defendants when the pleadings fail to allege any ownership, control, or participation in the property or conduct at issue. *See, e.g.*, *Rustom v. Rustom*, No. 17 C 9061, 2019 WL 4034620 (N.D. Ill. Aug. 27, 2019) (dismissing trustee where complaint alleged no wrongdoing); *Zurich Capital Mkts., Inc. v. Coglianese*, 332 F. Supp. 2d 1087, 1097 (N.D. Ill. 2004) (holding corporate titles and affiliation insufficient absent operational control); *People ex rel. Madigan v. Tang*, 346 Ill. App. 3d 277, 288 (1st Dist. 2004) (affirming dismissal where complaint alleged no personal participation); *Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991) (dismissing non-suable department lacking separate existence). These decisions reflect a consistent principle across Illinois courts: a defendant cannot be held liable under any theory absent specific factual allegations showing its ownership, control, or direct involvement in the alleged misconduct.

Accordingly, dismissal of Defendant AMZAK Meadows in the entirety is proper pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. Plaintiffs Cannot Establish Any Basis for Liability as to AMZAK Meadows

Because Defendant AMZAK Meadows never owned or managed the property and never interacted with Plaintiffs, it owed no duty and took no action related to the alleged events.

5

Plaintiffs' complaint contains only collective references to "Defendants" and fails to allege any specific conduct by AMZAK Meadows itself. Such "shotgun" or group pleading does not satisfy Rule 8. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Absent evidence of involvement, ownership, or control, no claim under the Fair Housing Act, 42 U.S.C. §§ 1981–1982, or any other theory can lie. *See Rustom v. Rustom*, No. 17-C-9061, 2019 WL 4034620, at *4 (N.D. Ill. Aug. 27, 2019) (dismissing defendant where complaint alleged no individualized wrongdoing); *Zurich Capital Mkts., Inc. v. Coglianese*, 332 F. Supp. 2d 1087, 1097 (N.D. Ill. 2004) (holding corporate affiliation insufficient absent factual allegations of operational control); *People ex rel. Madigan v. Tang*, 346 Ill. App. 3d 277, 288 (1st Dist. 2004) (requiring factual allegations of personal participation).

The Court should therefore dismiss all claims as to this Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, enter summary judgment in AMZAK Meadows' favor under Rule 56.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Complaint should be dismissed in its entirety as to Defendant AMZAK Meadows or, in the alternative, enter summary judgment in its favor under Rule 56.

WHEREFORE, Defendant AMZAK MEADOWS, LLC, respectfully requests that the Court dismiss all claims against it with prejudice and grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Phillip G. Litchfield*
One of the Attorneys for Defendant

Phillip G. Litchfield (6317818)
Zachary G. Stillman (6342749)
**LITCHFIELD, CAVO, LLP**
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6584 (Litchfield)
(312) 781-6672 (Stillman)
LitchfieldP@LitchfieldCavo.com
Stillman@litchfieldcavo.com

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on November 26, 2025, the foregoing Motion was served via email to the following parties, and electronically filed with the CM/ECF system.

> ALFRED HOLT
> *Pro Se Plaintiff*
> 805 Baldwin Ave, Apt 303
> Waukegan, Illinois 60085
> (224) 518-8376
> Albizsmart@gmail.com
>
> MARILIA COUTINHO ESPINOLA
> *Pro Se Plaintiff*
> 805 Baldwin Ave, Apt 303
> Waukegan, Illinois 60085
> Mariliaholt@gmail.com

                  /s/ *Zachary G. Stillman*
                  One of the Attorneys for Defendant