Case: 1:25-cv-10936 Document #: 32 Filed: 12/18/25 Page 1 of 9 PageID #:608

BC  CVK
FILED
12/18/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Alfred Holt and Marilia Coutinho Espinola, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:25-cv-10936 |
| | ) | |
| vs. | ) | Judge LaShonda A. Hunt |
| | ) | |
| | ) | Magistrate Judge Keri L. Holleb |
| BH Management Services, LLC, | ) | Hotaling |
| Amzak Waukegan, LLC, | ) | |
| Katrina Blair, and | ) | Jury Trial Demanded |
| LaQuevia Miller, | ) | |
| | ) | |
| Defendants. | | |

## NOTICE OF ERRATA REGARDING FIRST AMENDED COMPLAINT

Plaintiffs Alfred Holt and Marilia Coutinho Espinola respectfully submit this Notice of Errata to correct scrivener's errors in the First Amended Complaint filed on December 17, 2025.

• Plaintiffs seek to correct allegations regarding Defendants' sworn admissions so that they accurately reflect the text of Exhibit W (Defendants' Responses to Requests to Admit Facts).

• **Correction to Paragraph 39 (Investigation):**

The Complaint stated that Defendants admitted to conducting no investigation into the alleged marijuana use. Plaintiffs correct this allegation to read as follows:

1

"Defendants admitted under oath that they conducted 'no formal internal investigation' regarding Plaintiff's verbal complaint prior to issuing the 10-Day Notice. (Exhibit W, Response No. 4)."

• **Correction to Paragraph 40 (Documentation):**

The Complaint stated that Defendants admitted to possessing no documentation of the marijuana-related breach. Plaintiffs correct this allegation to read as follows:

"Defendants admitted under oath that they possess 'no written documentation' showing that Plaintiff's verbal complaint was investigated, reviewed, or responded to before the 10-Day Notice was issued. (Exhibit W, Response No. 5)."

• These corrections align the allegations in the First Amended Complaint with the precise language of Exhibit W. Plaintiffs maintain that Defendants' admitted failure to investigate or document their response to Plaintiff's protected complaints occurring shortly before the termination notice, supports the inference of retaliatory motive.

Respectfully submitted,

**Dated:** 12/18/2025

/s/ Alfred Holt
 Alfred Holt, Pro Se
/s/ Marilia Coutinho Espinola
 Marilia Coutinho Espinola, Pro Se
805 Baldwin Ave., Apt. 303
Waukegan, IL 60085
(224) 518-8376
albizsmart@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on December 18, 2025, I filed the foregoing Notice of Errata Regarding First Amended Complaint via the Court's CM/ECF system, which will send notice to all counsel of record. I also sent a courtesy copy by email to counsel for Defendants.

Dated: December 18, 2025
/s/ Alfred Holt
Alfred Holt, Pro Se
/s/ Marilia Coutinho Espinola
Marilia Coutinho Espinola, Pro Se

# EXHIBIT W

**Defendants' Verified Responses to Request to Admit Facts**

Document: Amzak Waukegan, LLC's Responses to Defendant's Request to Admit Facts

State Case: 24 EV 1836 (Lake County, Illinois)

Filed/Verified: May 2, 2025 (per document)

*Filed in support of Plaintiffs' First Amended Complaint (Federal Case No. 1:25-cv-10936)*

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| Amzak Waukegan LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 24 EV 1836 |
| | ) | |
| v. | ) | |
| | ) | |
| Alfred Holt and Marilia Coutinho Espinola, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST TO ADMIT FACTS**

Plaintiff, Amzak Waukegan LLC, by and through its attorneys, the Law Offices of David K. Barhydt, for its Responses to Defendant's Request to Admit Facts, states as follows:

**REQUESTS TO ADMIT**

1. Admit that on or about October 24, 2024, Property Manager Katrina Blair informed Defendant Alfred Holt that the violation referenced in the 10-Day Notice was not intended for him, but for another tenant deemed to be a nuisance, and the property manager agreed to attempt to dismiss the violation.

**RESPONSE:** Denied.

2. Admit that prior to the issuance of the 10-Day Notice, Defendant made verbal complaints to on-site management staff about his treatment or concerns related to how he was being handled by property management.

**RESPONSE:** The Plaintiff admits that prior to the issuance of the 10-Day Notice, Defendant Alfred Holt made a verbal complaint to the on-site management staff regarding his wife's vehicle being towed from the parking lot. The Plaintiff denies the remaining allegations.

1

3. Admit that the 10-Day Notice was issued within a few weeks after Defendant made a verbal complaint to property staff.

**RESPONSE:** Admit.

4. Admit that Plaintiff conducted no formal internal investigation regarding Defendant's verbal complaint prior to issuing the 10-Day Notice.

**RESPONSE:** Admit. Answering further, there was no need to investigate the towing of his wife's vehicle as Mr. Holt admitted that the sticker on his wife's vehicle was expired.

5. Admit that Plaintiff possesses no written documentation showing that Defendant's verbal complaint was investigated, reviewed, or responded to before the 10-Day Notice was issued.

**RESPONSE:** Admit.

6. Admit that Property Manager Katrina Blair acknowledged to Defendant that the violation stated in the 10-Day Notice had been mistakenly issued against the wrong tenant, and that Defendant was not deemed to be the source of the nuisance.

**RESPONSE:** Deny.

7. Admit that Plaintiff took no corrective action to withdraw, cancel, or amend the 10-Day Notice after being made aware that it may have been issued in error.

**RESPONSE:** The Plaintiff admits that it took no action to withdraw, cancel, or amend the 10-Day Notice because it was a valid 10-Day Notice based on specific violations of the Lease Agreement between Plaintiff and Defendants. Answering further, Katrina Blair did contact Michelle Palermo via telephone. Michelle wanted to confirm that the property had photographic evidence of the drug paraphernalia and marijuana in

2

Defendants' apartment. Katrina confirmed that they did and was instructed to proceed with enforcing the 10-Day Notice. Answering further, the Plaintiff denies that the 10-Day Notice was issued in error.

Respectfully submitted,

AMZAK WAUKEGAN LLC

By: /s/ Jeremy J. Kramer
　　　One of Its Attorneys

Law Offices of David K. Barhydt
Counsel for Plaintiff
2901 Butterfield Road
Oak Brook, IL 60523
630-218-4915
kramer@barhydtlaw.com
Attorney No. 6192456

3

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certify as aforesaid that he/she verily believes the same to be true.

Dated: May 2, 2025

AMZAK WAUKEGAN LLC

By: _____

Its Authorized Agent

4

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing Plaintiff's Responses to Defendant's Request to Admit Facts was served upon Defendants by forwarding a copy of same to the address listed below via email, in accordance with the Illinois Code of Civil Procedure and the Illinois Supreme Court Rules on this 5th day of May, 2025:

>Alfred Holt
>Marilia Coutinho Espinola
>805 Baldwin Ave., Apt. 303
>Waukegan, IL 60085
>albizsmart@gmail.com

/s/ Jeremy J. Kramer

5