

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| Alfred Holt and Marilia Coutinho Espinola, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:25-cv-10936 |
| | ) | |
| vs. | ) | Judge LaShonda A. Hunt |
| | ) | |
| | ) | Magistrate Judge Keri L. Holleb |
| BH Management Services, LLC, | ) | Hotaling |
| Amzak Waukegan, LLC, | ) | |
| Katrina Blair, and | ) | Jury Trial Demanded |
| LaQuevia Miller, | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** (ECF No. 40)

Plaintiffs Alfred Holt and Marilia Coutinho Espinola ("Plaintiffs"), pro se, submit this Response in Opposition to Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (ECF No. 40). Defendants' Motion asks the Court to weigh facts, draw inferences against Plaintiffs, and decide merits issues that must be resolved on a developed record. Under Rule 12, the Court must accept the well-pleaded allegations of the First Amended Complaint ("FAC," ECF No. 30) as true and draw reasonable inferences in Plaintiffs' favor. When the FAC is read as a whole, it pleads concrete injuries and plausible claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(b) and 3617, and 42 U.S.C. §§ 1981 and 1982, as well as related Illinois common-law claims arising from the same retaliatory campaign. The Motion should be denied.

## I. RELEVANT PLEADING FACTS (FROM THE FAC)

This case arises from Defendants' response to Plaintiffs' protected civil-rights complaint regarding race-based on profiling and the racist conduct of Defendants' towing vendor. The FAC alleges, among other things:

• On September 25, 2024, Plaintiff Holt complained to management about racial profiling and racist conduct by the towing vendor and asked management to address the issue. (FAC ¶¶ 18–23.)

• Rather than investigate the protected complaint, Defendants escalated enforcement: management locked Plaintiffs out of the online rent payment portal beginning September 30, 2024 (FAC ¶¶ 26–27), served a lease-violation notice based on an unverified "marijuana" allegation, and pursued eviction proceedings. (FAC ¶¶ 30–36.)

• Plaintiffs incurred concrete economic losses (including towing losses) and accrued late fees while the portal remained restricted, and Plaintiffs experienced privacy and emotional harms from an unannounced entry into their home while a resident was showering. (FAC ¶¶ 37–46, 50–62.)

• The FAC pleads Defendant-specific conduct by BH Management and AMZAK Waukegan as principals responsible for policies and lease enforcement, and by Blair and Miller as individual actors involved in the portal restriction, notices, and entry. (See, e.g., FAC ¶¶ 12–17, 24–27, 34–41.)

## II. LEGAL STANDARDS

Rule 12(b)(1) addresses subject-matter jurisdiction. On a facial standing challenge, the Court

accepts the complaint's well-pleaded allegations as true and asks whether Plaintiffs have plausibly alleged an injury in fact that is concrete and particularized, fairly traceable to Defendants' conduct, and likely redressable by the requested relief. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). Rule 12(b)(6) tests whether the complaint states a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se pleadings are construed liberally. The Court does not resolve factual disputes, evaluate credibility, or decide whether Plaintiffs will ultimately win.

### III. ARGUMENT

**A. Plaintiffs Have Article III Standing (Rule 12(b)(1))**

At this stage, the Court's task is not to determine whether Plaintiffs will ultimately prevail, but whether the FAC plausibly alleges a violation of federal law. Under Seventh Circuit precedent, dismissal is appropriate only where no set of facts consistent with the complaint would entitle Plaintiffs to relief. Defendants' standing argument fails because it improperly focuses on disputed damages theories instead of the threshold question: whether Plaintiffs allege at least one concrete injury fairly traceable to Defendants and redressable by this Court. The FAC easily does. First, Plaintiffs allege concrete economic injury from towing and related charges tied to Defendants' vendor relationship and enforcement decisions. (FAC ¶¶ 37–41, 44–46.) Even small out-of-pocket losses satisfy injury in fact. Second, Plaintiffs allege concrete privacy harm from an unauthorized or unannounced entry into their home while a resident was showering. (FAC ¶¶ 50–56.) Privacy intrusions are classic concrete injuries. Third, Plaintiffs allege concrete injury from being locked out of the rent payment portal and the resulting accrual of late fees and enforcement action. (FAC ¶¶ 26–27, 33–36, 44–46.) Fourth, the FHA recognizes dignitary and

housing-related harms; at the pleading stage, discriminatory treatment and retaliation in the housing context are cognizable injuries. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 373–74 (1982). These injuries are fairly traceable to Defendants' challenged conduct (portal restriction, enforcement actions, vendor towing practices, entry into the unit) and are redressable by damages and injunctive/declaratory relief. Standing is therefore satisfied, and Rule 12(b)(1) dismissal is improper.

**B. The FAC Is Not a "Shotgun Pleading" and Gives Fair Notice**

Defendants' "shotgun pleading" label is rhetoric, not analysis. The FAC is organized by numbered paragraphs and separate counts; it identifies who did what and when, and it ties each count to the relevant actors. For example, Count I is brought against BH and Blair, and the factual section specifically pleads the September 25, 2024 protected complaint and the September 30, 2024 portal restriction. (FAC ¶¶ 18–27.) Count VI is brought against BH and Miller and alleges the October 15, 2024 entry. (FAC ¶¶ 50–56.) This is the opposite of a pleading that "makes it impossible to discern" the claim. See Swanson v. Citibank, N.A., 614 F.3d 400, 404–05 (7th Cir. 2010) (housing discrimination complaints need only identify the type of discrimination, by whom, and when). If Defendants want more detail, the remedy is discovery, not dismissal with prejudice.

**C. Count I (FHA Retaliation, 42 U.S.C. § 3617) Is Plausibly Pled**

To state FHA retaliation under § 3617, Plaintiffs must plausibly allege protected activity, an adverse action, and a causal connection. Wetzel v. Glen St. Andrew Living Cmty., LLC, 901 F.3d 856, 868 (7th Cir. 2018). The FAC alleges protected activity: Holt complained to management

about racial profiling and the racist conduct of Defendants' vendor. (FAC ¶¶ 18–23.) It alleges adverse actions that would deter a reasonable tenant: restricting Plaintiffs' rent payment portal (FAC ¶¶ 26–27), escalating enforcement based on an unverified "marijuana" allegation (FAC ¶¶ 30–36), and initiating eviction proceedings. And it alleges causation through close temporal proximity and surrounding circumstances namely, Defendants' alleged failure to investigate the protected complaint and their immediate pivot to punitive enforcement. Whether Defendants' proffered reasons were legitimate or pretextual is a question for summary judgment or trial, not Rule 12 dismissal. Defendants' Motion repeatedly argues their actions were "facially neutral" and "routine." That is a merits defense. At Rule 12, Plaintiffs need only allege a plausible retaliatory link; the FAC does so with dates, actors, and concrete consequences.

**D. Count II (FHA Discrimination, 42 U.S.C. § 3604(b)) Is Plausibly Pled**

Section 3604(b) prohibits discrimination in the terms, conditions, privileges, services, or facilities of a rental. Plaintiffs allege discriminatory and retaliatory treatment affecting core "services" of tenancy—parking enforcement and towing, rent-payment access, and management responses to their complaint about racial profiling and racist vendor conduct. (FAC ¶¶ 18–41.) Defendants argue Plaintiffs must plead comparator evidence or race-based comments. That is not the Rule 8/Swanson standard. Plaintiffs plausibly allege that after raising a race-based complaint, Defendants responded with adverse tenancy actions (portal restriction, towing escalation/enforcement, and notices) rather than addressing discrimination. Whether Defendants will ultimately prove legitimate reasons is for discovery. At this stage, it is enough that Plaintiffs plead a plausible inference that discriminatory animus and retaliation affected the conditions and services of their housing.

**E. Counts III & IV (42 U.S.C. §§ 1981 and 1982) Are Plausibly Pled Under Comcast**

Defendants rely on Comcast to argue Plaintiffs must plead "but-for" causation with detailed proof. Comcast requires plausibility, not proof. Plaintiffs allege intentional race-based interference with their contractual and property rights as tenants: they complained about racial profiling and racist vendor conduct (FAC ¶¶ 18–23), Defendants allegedly disregarded that complaint and escalated enforcement (FAC ¶¶ 24–41), restricted access to the standard rent-payment mechanism (FAC ¶¶ 26–27), and used pretextual violations to pressure termination. (FAC ¶¶ 30–36.) Those allegations, taken as true, support a plausible inference that but for Plaintiffs' race and their race-based complaint, Defendants would not have imposed these restrictions and escalated enforcement in the same manner. Comparator evidence and Defendants' proffered "neutral" explanations are classic discovery issues. Dismissal at the pleading stage is not warranted.

**F. Count V (Breach of Covenant of Quiet Enjoyment) Is Plausibly Pled**

Illinois' covenant of quiet enjoyment protects tenants from substantial interference with their use and enjoyment of the premises. The FAC alleges more than a "minor inconvenience": Plaintiffs allege a sustained campaign of interference connected to enforcement escalation, including payment restriction affecting continued tenancy, repeated towing tied to parking enforcement, and an unannounced entry. (FAC ¶¶ 26–41, 50–56.) Defendants' argument that Plaintiffs "remained in the unit" does not defeat the claim at Rule 12. Constructive-interference claims turn on the degree and character of interference, which is fact-intensive. At minimum, Plaintiffs plead plausible substantial interference sufficient to proceed to discovery.

**G. Count VI (Intrusion Upon Seclusion and Trespass) Is Plausibly Pled**

Plaintiffs allege that Defendant Miller entered their home without notice while a resident was showering. (FAC ¶¶ 50–56.) An unauthorized entry into a private dwelling implicates both seclusion and possessory interests; whether the conduct was "highly offensive" and whether it exceeded any lease-based right of entry are fact questions not suited for dismissal on the pleadings. Defendants' assertion that a single entry cannot be "highly offensive" is not a categorical rule. Entering a tenant's home without notice while a resident is in a state of undress is plausibly offensive to a reasonable person, and Plaintiffs allege resulting distress. BH's involvement (policy, supervision, and scope of employment) is also plausibly alleged and may be explored in discovery.

**H. Count VII (Abuse of Process) Is Plausibly Pled**

Defendants argue abuse of process fails because Plaintiffs merely allege initiation of proceedings. The FAC alleges more: it alleges the use of legal process and notices as instruments of retaliation and coercion following a protected complaint, including employing pretextual violations and escalating enforcement to force Plaintiffs out and punish protected activity. (FAC ¶¶ 30–41, 58–62.) Whether Defendants committed an "improper act" in the use of process (beyond filing) and whether they used the process for an ulterior purpose are fact-intensive questions. Plaintiffs should be permitted discovery, including Defendants' communications and policies, before the Court forecloses the claim with prejudice.

**I. Count VIII (IIED) Is Plausibly Pled**

Illinois IIED requires extreme and outrageous conduct, intent or knowledge of a high probability of causing distress, and severe distress. The FAC alleges a pattern of conduct—including

7

ignoring a protected racial-profiling complaint, escalating enforcement in response, locking rent payment access, repeated towing consequences, and an unannounced entry during a shower—followed by significant emotional and physical consequences. (FAC ¶¶ 18–41, 50–56, 44–46.) While Defendants characterize these acts as "routine," that is a disputed characterization. In context, a retaliatory campaign targeting tenants after a race-based complaint, coupled with an intrusive entry into the home, plausibly crosses the threshold required to plead IIED. Whether the conduct is ultimately "extreme and outrageous" is typically a question informed by context and record evidence; dismissal at Rule 12 is premature.

**J. Punitive Damages**

Defendants' request to strike punitive damages is premature. Punitive damages may be available under federal civil-rights statutes and, where permitted, for willful and wanton conduct under Illinois law. The FAC pleads willful, retaliatory, and discriminatory conduct and seeks punitive damages based on that alleged state of mind. Whether Plaintiffs can prove the requisite intent is a merits question for discovery and summary judgment, not a pleading defect.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss in its entirety. In the alternative, if the Court finds any count inadequately pled, Plaintiffs request leave to amend rather than dismissal with prejudice.

**Dated:** February 11, 2026

Respectfully submitted,

/s/ Alfred Holt
 Alfred Holt, Pro Se
/s/ Marilia Coutinho Espinola
 Marilia Coutinho Espinola, Pro Se
805 Baldwin Ave, Waukegan, IL 60085
Ph:(224) 518-8376   E:albizsmart@gmail.com

## CERTIFICATE OF SERVICE

I certify that on February 11, 2026, I served a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss upon counsel for Defendants via email  at: LitchfieldP@LitchfieldCavo.com and Stillman@LitchfieldCavo.com, and via the Court's CM/ECF system to the extent applicable.

Respectfully submitted,

/s/ Alfred Holt                                                                                       Dated: February 11, 2026
 Alfred Holt, Pro Se
/s/ Marilia Coutinho Espinola
 Marilia Coutinho Espinola