**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALFRED HOLT and MARILIA COUTINHO ESPINOLA, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No: 1:25-cv-10936 |
| | ) | |
| v. | ) | Judge LaShonda A. Hunt |
| | ) | |
| BH MANAGEMENT SERVICES, LLC, | ) | Magistrate Judge Keri L. Holleb |
| AMZAK MEADOWS, LLC, | ) | Hotaling |
| AMZAK WAUKEGAN, LLC, | ) | |
| KATRINA BLAIR, and | ) | Jury Trial Demanded |
| LAQUEVIA MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BH MANAGEMENT SERVICES, LLC,
AMZAK WAUKEGAN, LLC, KATRINA BLAIR, AND
LAQUEVIA MILLER'S REPLY IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (ECF NO. 40)**

Defendants, BH MANAGEMENT SERVICES, LLC ("BH"), AMZAK WAUKEGAN,

LLC ("AMZAK"), KATRINA BLAIR ("BLAIR"), and LAQUEVIA MILLER ("MILLER")

(collectively, "Defendants"), by and through their attorneys, Phillip G. Litchfield, Zachary G.

Stillman, and Litchfield Cavo LLP, for their Reply in Support of their Motion to Dismiss Plaintiffs'

First Amended Complaint, state as follows:

**INTRODUCTION**

Plaintiffs' Response does not cure the fundamental defects identified in Defendants'

Motion. Rather than plead new facts, Plaintiffs again attempt to recast routine property-

management actions—rent collection, lease enforcement, towing, and an isolated entry—as

sweeping federal civil-rights violations. The Response relies heavily on pleading-stage rhetoric

but does not supply the factual content necessary to state plausible claims under the Fair Housing

Act or 42 U.S.C. §§ 1981 and 1982.

1

At most, Plaintiffs emphasize limited, discrete harms—towing charges, late fees, and an alleged unannounced entry. Even assuming those allegations are sufficient to satisfy Article III's minimal injury requirement, they do not transform facially neutral lease-administration conduct into race-based discrimination or actionable retaliation. Plaintiffs still allege no facts supporting discriminatory intent, no plausible but-for causation under *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327 (2020), and no misuse of legal process beyond the justified filing of eviction proceedings that ultimately resulted in his eviction for unpaid rent.

Counts II through V and VII through VIII fail as a matter of law and should be dismissed with prejudice. Plaintiffs' §§ 1981 and 1982 claims lack allegations of intentional race discrimination or contractual impairment. The quiet-enjoyment and abuse-of-process claims do not approach the substantial interference or improper-use standards required under Illinois law. And the IIED claim falls far short of the "extreme and outrageous" threshold.

Count I (FHA retaliation) and Count VI (intrusion/trespass) also lack the factual specificity required by Rule 8 and should not proceed because there are no concrete, nonconclusory allegations tying Defendants' conduct to unlawful animus.

For these reasons, and as set forth below, the First Amended Complaint should be dismissed with prejudice.

## THE COURT MAY TAKE JUDICIAL NOTICE OF THE FINAL JUDGMENT ENTERED IN THE RELATED EVICTION PROCEEDING

After Defendants filed their Motion, the Circuit Court of Lake County conducted a bench trial in *Amzak Waukegan, LLC v. Holt*, Case No. 2025 EV 1817, on February 11, 2026. On February 13, 2026, the court entered a written Eviction Order and Judgment in favor of Plaintiff Amzak Waukegan, LLC. The judgment awarded possession of the premises to the landlord and entered a monetary judgment in the amount of $27,230.52 against Defendants Alfred Holt and

Marilia Coutinho Espinola. Copies of the Judgment and Eviction Order are attached hereto as **Exhibit A.**

Federal courts may take judicial notice of state-court pleadings, docket entries, and final judgments as matters of public record without converting a Rule 12 motion into one for summary judgment, particularly where the related state proceeding is referenced in the complaint. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

The entry of final judgment following a bench trial confirms that the eviction proceeding resulted in a judicial determination awarding possession and a money judgment to the landlord. This development further underscores that Defendants' use of eviction proceedings was lawful and adjudicated through ordinary judicial process, and not a misuse of legal process as alleged in the First Amended Complaint.

## ARGUMENT

### I. PLAINTIFFS STILL FAIL TO ESTABLISH ARTICLE III STANDING (Rule 12(b)(1))

Plaintiffs invoke *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), to suggest that any allegation of discrimination or retaliation satisfies Article III. But *Havens* recognized injury in fact only where a plaintiff was denied a specific statutory right created by Congress. Id. at 373–74. It does not eliminate the requirement that a plaintiff allege a concrete injury fairly traceable to the defendant's conduct.

Here, Plaintiffs' primary theories rely on speculative business losses and attenuated personal consequences arising from routine lease enforcement. Those allegations do not establish a concrete housing injury traceable to Defendants.

In any event, even assuming that towing charges, late fees, or the alleged entry suffice to satisfy Article III's minimal injury requirement, Plaintiffs' claims still fail under Rule 12(b)(6).

3

Standing and plausibility are distinct inquiries. The existence of some economic or privacy harm does not transform facially neutral lease enforcement into race-based discrimination or unlawful retaliation.

## II. PLAINTIFFS' RESPONSE DOES NOT CURE THEIR PLEADING DEFECTS (Rule 12(b)(6))

### A. The FAC Remains an Improper Group Pleading

Plaintiffs' Response does not cure the FAC's improper group pleading. The complaint continues to attribute all alleged conduct collectively to "Defendants" without identifying which specific entity or individual engaged in which act. The FAC lumps together the property owner, the property management company, management personnel, and other unnamed actors, while asserting conclusory allegations of discrimination, retaliation, and tortious conduct.

Rule 8 requires more. A complaint must give each defendant fair notice of the specific conduct alleged against it. Generalized allegations that "Defendants" engaged in wrongdoing—without distinguishing among actors or tying particular actions to particular defendants—do not satisfy that standard.

Plaintiffs' Response attempts to clarify which claims are asserted against which defendants, but a plaintiff may not amend a complaint through a response brief. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). The Court evaluates the sufficiency of the FAC as pleaded, not as reframed in subsequent argument. The FAC itself continues to assert claims collectively against "Defendants" without adequately distinguishing the alleged conduct of each actor. The defect therefore remains.

### B. Plaintiffs' FHA Retaliation Claim Fails for Lack of Protected Activity and Causation (Count I)

Plaintiffs' Response does not cure the defects in their FHA retaliation claim. To state such a claim, Plaintiffs must plausibly allege that (1) they engaged in activity protected by the FHA, (2)

4

they suffered a materially adverse action, and (3) the adverse action was caused by the protected activity. *See, e.g., Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018). The FAC does not do so.

First, Plaintiffs do not plausibly allege FHA-protected activity. General disputes regarding rent collection, parking enforcement, portal access, or management conduct do not automatically constitute opposition to unlawful housing discrimination. The FAC contains only conclusory references to "racial profiling" or "discrimination," without factual allegations supporting a reasonable belief that Defendants were engaged in conduct prohibited by the FHA. Bare assertions that Plaintiffs complained about "discrimination" are insufficient under Rule 8.

Second, the actions identified—towing enforcement, rent collection, portal restrictions, and eviction proceedings—are facially neutral exercises of lease and property-management rights. The eviction proceeding was adjudicated following a bench trial, resulting in a judgment for possession and a money award in favor of the landlord. Routine enforcement of lease terms and pursuit of unpaid rent through judicial process do not constitute materially adverse retaliation merely because they follow a tenant complaint.

Finally, Plaintiffs rely almost entirely on timing to suggest causation. But temporal proximity alone does not plausibly establish retaliatory motive, particularly where the challenged actions are independently justified by unpaid rent and lease violations. *Hatter v. Williams*, 844 F. App'x 870, 873 (7th Cir. 2021) ("Timing alone cannot support retaliatory motive"). And "suspicious timing alone … is generally insufficient to establish a retaliatory motivation," especially where there is an alternative explanation for the challenged action. *Jokich v. Rush Univ. Med. Ctr.*, 42 F.4th 626, 632 (7th Cir. 2022). The FAC alleges no facts suggesting retaliatory

animus, differential treatment of similarly situated tenants, or pretext. Alleging that events occurred after a complaint is not the same as plausibly alleging that they occurred because of it.

In short, Plaintiffs attempt to recast routine property-management conduct and a lawful eviction proceeding as retaliation under the FHA. The statute does not prohibit landlords from enforcing lease terms or pursuing eviction through the courts. Because Plaintiffs fail to plausibly allege protected activity, materially adverse action, or causation, Count I should be dismissed.

### C. Plaintiffs' Discrimination Claims Fail for Lack of Race-Based Intent and But-For Causation (Counts II–IV)

Plaintiffs' Response does not cure the fundamental defect common to their claims under 42 U.S.C. § 3604(b) and §§ 1981 and 1982: the absence of factual allegations supporting race-based intent.

To state a claim under § 3604(b), Plaintiffs must plausibly allege that Defendants treated them differently because of race in the terms, conditions, or privileges of rental. *Bloch v. Frischholz*, 587 F.3d 771, 779–80 (7th Cir. 2009). Similarly, §§ 1981 and 1982 require plausible allegations of intentional race discrimination, and § 1981 further requires but-for causation. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 339–40 (2020).

The FAC alleges no race-based statements, policies, or conduct by any specific Defendant. Plaintiffs rely instead on generalized assertions of "racial profiling" and "discrimination." The Response adds argument, not facts. Conclusory labels do not plausibly establish discriminatory intent.

Nor do Plaintiffs identify similarly situated tenants of a different race who were treated more favorably with respect to rent collection, towing enforcement, portal access, or eviction proceedings. Instead, they ask the Court to infer discrimination from ordinary lease enforcement alone. That is insufficient under Rule 8.

The challenged actions—rent collection, parking enforcement, portal restrictions, and pursuit of eviction for unpaid rent—are facially neutral exercises of lease rights. The subsequent entry of judgment for possession and unpaid rent following trial further confirms the existence of legitimate, non-racial grounds for those actions. Plaintiffs allege no facts permitting a reasonable inference that these measures would not have occurred but for race.

Because Plaintiffs fail to plausibly allege race-based intent or but-for causation, Counts II, III, and IV must be dismissed.

### D. Plaintiffs' Breach of Covenant of Quiet Enjoyment Claim Fails as a Matter of Law (Count V)

A breach of the covenant of quiet enjoyment under Illinois law requires substantial interference with possession amounting to actual or constructive eviction. *Blue Cross Ass'n v. 666 N. Lake Shore Dr. Assocs.*, 100 Ill. App. 3d 647, 652 (1st Dist. 1981); *Brown v. Lober*, 75 Ill. 2d 547, 553 (1979).

Plaintiffs allege no dispossession. They remained in the unit until entry of judgment in the eviction action and do not allege that they vacated due to intolerable conditions attributable to Defendants. Allegations concerning rent collection, towing enforcement, portal access, or the filing of eviction proceedings do not constitute constructive eviction.

Because no actual or constructive eviction is alleged, Count V fails as a matter of law.

### E. Plaintiffs' Trespass and Intrusion Upon Seclusion Claims Fail (Count VI)

Plaintiffs argue that an entry occurring while a resident was showering is "plausibly highly offensive." (ECF No. 42 at 6–7.) But the FAC alleges only a single entry and pleads no additional aggravating conduct.

Illinois requires conduct that would be "highly offensive to a reasonable person." *Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 71 (2004); *Johnson v. Kmart Corp.*, 311 Ill. App. 3d 573, 578

(1st Dist. 2000). Plaintiffs allege no repeated intrusion, surveillance, coercion, or improper purpose. A single disputed entry, without more, does not plausibly meet that demanding standard.

The trespass claim fails independently. Trespass requires an unauthorized entry. *Maras v. Milestone, Inc.*, 348 Ill. App. 3d 1004, 1012 (3d Dist. 2004). Plaintiffs do not allege facts showing the entry was unauthorized under the lease; at most, they allege a dispute regarding notice. That is insufficient to plausibly plead trespass.

Count VI should therefore be dismissed.

### F. Plaintiffs' Abuse of Process Claim Fails (Count VII)

Plaintiffs' Response does not cure the fundamental defect in their abuse-of-process claim: they allege no improper act in the use of process after issuance.

Under Illinois law, abuse of process requires (1) an ulterior purpose and (2) a misuse of legal process not proper in the regular prosecution of the proceeding. *Bonney v. King*, 201 Ill. 47, 51 (1903); *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 167 (1st Dist. 2004). The mere filing or prosecution of a lawsuit—even if allegedly motivated by ill will—does not constitute abuse of process. *Kumar*, 354 Ill. App. 3d at 167.

Here, Plaintiffs' allegations concern only the initiation and prosecution of eviction proceedings. They identify no act outside the ordinary course of litigation and no misuse of process for a collateral objective. The eviction action proceeded to trial and resulted in judgment for possession and unpaid rent, confirming that the process was used for its intended purpose.

Because Plaintiffs allege no improper act after issuance of process, Count VII fails as a matter of law.

### G. Plaintiffs' Intentional Infliction of Emotional Distress Claim Fails (Count VIII)

Plaintiffs' Response does not address the fundamental defect identified in Defendants' Motion: the alleged conduct does not approach the "extreme and outrageous" threshold required under Illinois law. *See McGrath v. Fahey*, 126 Ill.2d 78, 86 (1988).

Even accepting Plaintiffs' allegations as true, the conduct at issue consists of lease enforcement, towing, rent-collection efforts, eviction proceedings, and a single disputed entry. Illinois courts reserve IIED liability for conduct that goes "beyond all possible bounds of decency." *Public Fin. Corp. v. Davis*, 66 Ill.2d 85, 90 (1976). Routine property-management actions and judicial eviction proceedings do not meet that standard.

Nor does the FAC plausibly allege intent to cause severe emotional distress or distress so severe that no reasonable person could endure it. *See Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 21 (1992).

Because Plaintiffs' Response adds rhetoric but no new factual content curing these defects, Count VIII should be dismissed.

## III.   PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN

Plaintiffs' request for punitive damages is derivative of their substantive claims. Under Illinois law, punitive damages may not be recovered in the absence of compensatory liability and require allegations of willful or wanton misconduct. *Mitchell v. Elrod*, 275 Ill. App. 3d 357, 366 (1995).

As set forth above, the FAC fails to plausibly allege intentional discrimination, retaliatory animus, misuse of process, or extreme and outrageous conduct. Plaintiffs' Response adds no factual content establishing the level of willful or malicious conduct necessary to sustain punitive damages.

Because the underlying claims fail as a matter of law, the punitive damages demand necessarily fails as well.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss the First Amended Complaint in its entirety, with prejudice, and strike Plaintiffs' demand for punitive damages, together with such further relief as the Court deems just and proper.

WHEREFORE, Defendants, BH MANAGEMENT SERVICES, LLC, AMZAK WAUKEGAN, LLC, KATRINA BLAIR, and LAQUEVIA MILLER, respectfully request that Plaintiffs' First Amended Complaint be dismissed, with prejudice, and for any further relief that this Court deems reasonable and just.

Respectfully submitted,

/s/ *Zachary G. Stillman*
One of the Attorneys for Defendants

Phillip G. Litchfield (6317818)
Zachary G. Stillman (6342749)
**LITCHFIELD CAVO LLP**
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6584 (Litchfield)
(312) 781-6672 (Stillman)
LitchfieldP@LitchfieldCavo.com
Stillman@litchfieldcavo.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 4, 2026, the foregoing Motion was served via email to the following parties, as well as electronically filed with the CM/ECF system.

ALFRED HOLT
*Pro Se Plaintiff*
805 Baldwin Ave, Apt 303
Waukegan, Illinois 60085
(224) 518-8376
Albizsmart@gmail.com

10

MARILIA COUTINHO ESPINOLA
*Pro Se Plaintiff*
805 Baldwin Ave, Apt 303
Waukegan, Illinois 60085
Mariliaholt@gmail.com

/s/ *Zachary G. Stillman*
One of the Attorneys for Defendants

11