

Exhibit A

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**FILED** GMC

3/5/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Alfred Holt and Marilia Coutinho Espinola, )
)
    Plaintiffs, )    Case No.: 1:25-cv-10936
)
vs. )    Judge LaShonda A. Hunt
)
)    Magistrate Judge Keri L. Holleb
BH Management Services, LLC, )    Hotaling
Amzak Waukegan, LLC, )
Katrina Blair, and )
LaQuevia Miller, )    Jury Trial Demanded
)
    Defendants. )

## *PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS*

Plaintiffs Alfred Holt and Marilia Coutinho Espinola respectfully submit this Sur-Reply to address arguments raised in Defendants' Reply in Support of their Motion to Dismiss. Defendants' Reply introduces expanded arguments regarding the legal effect of a state eviction judgment and the characterization of Plaintiffs' Fair Housing Act claims, issues that Plaintiffs did not have an opportunity to address in their original response.

Defendants' Reply attempts to recast the allegations in the First Amended Complaint as routine property-management conduct and relies heavily on a subsequent eviction judgment to argue that Plaintiffs' claims fail as a matter of law. These arguments mischaracterize the allegations and ignore the governing pleading standard.

At the motion-to-dismiss stage, the Court must accept Plaintiffs' factual allegations as

true and draw reasonable inferences in Plaintiffs' favor.

## I. DEFENDANTS MISCHARACTERIZE PLAINTIFFS' FHA RETALIATION CLAIM

Defendants argue that Plaintiffs have not plausibly alleged protected activity under the Fair Housing Act. This argument ignores the allegations contained in the First Amended Complaint.

The Complaint alleges that Plaintiffs complained to property management regarding discriminatory treatment connected to the towing vendor operating on the property. Plaintiffs specifically alleged that Defendant Blair acknowledged the vendor's racist conduct during a recorded conversation and stated that management continued using the vendor due to contractual obligations.

Defendants argue their actions were 'routine', yet they have admitted in related proceedings that they conducted zero investigation into Plaintiffs' protected racism complaint, while simultaneously launching an immediate, aggressive 'investigation' and eviction based on a fabricated marijuana allegation. This disparity in management response is the definition of pretextual discriminatory intent.

Complaints opposing discriminatory housing practices constitute protected activity under the Fair Housing Act, including complaints made directly to housing providers regarding discriminatory treatment. Plaintiffs allege that Defendants were aware of these complaints and that adverse actions followed shortly thereafter. At the pleading stage, these allegations are more than sufficient to establish protected activity.

## II. PLAINTIFFS HAVE PLAUSIBLY ALLEGED CAUSATION

Defendants argue that Plaintiffs rely solely on temporal proximity to suggest retaliatory motive. However, the Complaint alleges far more than timing alone.

Plaintiffs allege that after raising complaints regarding discriminatory towing practices affecting their vehicle, Defendants escalated enforcement actions against them. These actions included disabling Plaintiffs' access to the rent payment portal, entering Plaintiffs' home without notice, serving a termination notice based on alleged marijuana and pet violations, and initiating eviction proceedings shortly after Plaintiffs' complaints.

When viewed in context, the sequence of events plausibly supports a reasonable inference of retaliatory motive.  At the motion-to-dismiss stage, the Court must draw reasonable inferences in Plaintiffs' favor. The allegations therefore plausibly establish causation.

## III. THE STATE EVICTION JUDGMENT DOES NOT BAR PLAINTIFFS' CLAIMS

Defendants argue that the state eviction judgment "confirms" their conduct was lawful and bars this action. That is incorrect.

First, Plaintiffs' federal claims are based on independent injuries that occurred before and apart from the state-court judgment, including the retaliatory refusal to accept rent payment and Defendants' failure to investigate Plaintiffs' discrimination complaint. Because Plaintiffs seek relief for injuries independent of the judgment itself, this Court has jurisdiction to adjudicate those claims and Plaintiffs are not asking this Court to sit as an appellate tribunal over the state eviction outcome. See *Andrade v. Hammond Bd. of Pub. Works*, No. 20-1541 (7th Cir. Aug. 25, 2021) (explaining that claims alleging injuries independent of a state judgment are not barred by Rooker-Feldman).

Second, under Illinois law, eviction proceedings under the Forcible Entry and Detainer Act are summary proceedings focused on possession and are limited to matters "germane" to possession. 735 ILCS 5/9-106; *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555–56 (7th Cir. 1999). Because such proceedings are streamlined and limited in scope, they do not provide a full forum for litigating complex federal civil rights claims seeking damages that are not germane to possession. *Long*, 182 F.3d at 555–56 (recognizing the limited scope of Illinois forcible entry and detainer proceedings and explaining why claims not germane to possession could not reasonably be litigated there).

Accordingly, the state eviction judgment does not deprive this Court of jurisdiction and does not bar Plaintiffs' federal Fair Housing Act retaliation claim or related damages claims arising from Defendants' alleged retaliatory conduct.

## IV. DEFENDANTS' "UNPAID RENT" NARRATIVE CONFLICTS WITH THE COMPLAINT

Defendants repeatedly characterize the eviction proceeding as routine enforcement of unpaid rent obligations. However, the First Amended Complaint alleges that shortly after Plaintiffs complained about discriminatory towing practices, Defendants disabled Plaintiffs' access to the RentCafe payment portal.

The Complaint further alleges that the portal lockout prevented Plaintiffs from paying rent through the only payment system Defendants accepted and triggered the accrual of late fees and ledger balances that Defendants later used as justification for eviction.

These allegations plausibly support Plaintiffs' contention that Defendants' conduct was not routine lease enforcement but rather part of a retaliatory course of conduct following

Plaintiffs' protected complaints.  At the pleading stage, these allegations must be accepted as true and support a reasonable inference of retaliatory motive.

## *V. DEFENDANTS' ARGUMENTS PRESENT FACTUAL DISPUTES THAT CANNOT BE RESOLVED AT THE MOTION-TO-DISMISS STAGE*

Defendants repeatedly attempt to frame their conduct as routine lease enforcement. However, this argument merely presents Defendants' interpretation of the facts.  The First Amended Complaint alleges that Defendants intensified enforcement actions only after Plaintiffs complained about discriminatory conduct connected to the towing vendor operating on the property.

Under the *Comcast* 'but-for' standard at the pleading stage, Plaintiffs need only allege facts supporting a plausible inference that the adverse action would not have occurred without the protected activity. Here, the chain is direct: Complaint, Portal Lock, Manufactured Arrears, Eviction. But for the protected civil rights complaint, the portal is never locked, the arrears never accrue, and the eviction is never filed.

Whether Defendants' actions were routine property management decisions or retaliatory conduct presents a factual dispute that cannot be resolved on a Rule 12 motion.  Such credibility and intent questions are properly resolved during discovery and, if necessary, by a jury, not at the pleading stage. For purposes of Rule 12(b)(6), the Court must accept Plaintiffs' factual allegations as true and draw reasonable inferences in Plaintiffs' favor. Plaintiffs are not required to prove their claims but only to allege facts making retaliation and discrimination plausible.

### VI. PLAINTIFFS HAVE SATISFIED THE FEDERAL PLEADING STANDARD

Under federal pleading standards, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. Plaintiffs' First Amended Complaint satisfies this requirement.

The First Amended Complaint alleges:

• protected activity in the form of complaints regarding discriminatory treatment,

• adverse actions taken by Defendants following those complaints, and

• a sequence of events supporting a plausible inference of retaliation and discrimination.

These allegations are sufficient to proceed beyond the pleading stage.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss the First Amended Complaint and allow this matter to proceed to discovery.

Dated: March 5, 2026

Respectfully submitted,

/s/ Alfred Holt
 Alfred Holt, Pro Se
/s/ Marilia Coutinho Espinola
 Marilia Coutinho Espinola, Pro Se
805 Baldwin Ave, Waukegan, IL 60085
Ph:(224) 518-8376   E:albizsmart@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on March 5, 2026, I served a true and correct copy of the foregoing

PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT

OF MOTION TO DISMISS upon counsel for Defendants via email  at:

LitchfieldP@LitchfieldCavo.com and Stillman@LitchfieldCavo.com, and via the Court's

CM/ECF system to the extent applicable.

Respectfully submitted,

/s/ Alfred Holt                                                    Dated: March 5, 2026
Alfred Holt, Pro Se
/s/ Marilia Coutinho Espinola
Marilia Coutinho Espinola, Pro Se

7