**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Alfred Holt and Marilia Coutinho Espinola,<br><br>Plaintiffs,<br><br>v.<br><br>BH Management Services, LLC,<br>AMZAK Waukegan, LLC, and<br>Katrina Blair,<br><br>Defendants. | Case No. 1:25-cv-10936<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge Keri L. Holleb Hotaling<br><br>Jury Trial Demanded |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's September 23, 2026, Order (ECF No. 55), the Parties jointly submit the following Initial Status Report:

## I. THE NATURE OF THE CASE

### A. Parties and Counsel


**Alfred Holt, Pro Se**
4105 Bertrand Ln
Beach Park, IL 60099
Phone: (847) 302-3248
Email: albizsmart@gmail.com

**Marilia Coutinho Espinola, Pro Se**
4105 Bertrand Ln
Beach Park, IL 60099
Phone: (847) 302-3248
Email: mariliaholt@gmail.com

Phillip G. Litchfield (lead trial counsel)
Zachary G. Stillman
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606.
LitchfieldP@LitchfieldCavo.com
Stillman@litchfieldcavo.com
*Counsel for Defendants*


### B. Nature of the Claims

The Second Amended Complaint asserts a single claim for retaliation under the Fair Housing Act, 42 U.S.C. § 3617. Plaintiffs allege that, after they complained to property

management regarding what they believed to be racially discriminatory towing practices involving the Property's towing vendor, Defendants took adverse actions affecting their tenancy. Plaintiffs identify, among other things, changes to their RentCafe access, account charges, an October 15, 2024, apartment inspection, an October 22, 2024, 10-Day Notice of Termination, restrictions on methods of payment, and subsequent eviction proceedings.

Plaintiffs further allege that Defendant Katrina Blair was aware of Holt's complaint and was involved in certain subsequent tenancy-related actions. Plaintiffs contend that the timing and circumstances of those events support their retaliation claim.

Defendants deny that Plaintiffs engaged in protected activity within the meaning of 42 U.S.C. § 3617, deny that any challenged action was retaliatory, and deny that Plaintiffs' complaints caused any subsequent tenancy-related action. Defendants contend that the challenged actions were undertaken for legitimate, non-retaliatory reasons related to lease enforcement, account administration, and property-management practices. Defendants also assert affirmative defenses concerning, among other things, the admissibility of certain recordings, mitigation of damages, causation, setoff, speculative or unproven damages, and third-party conduct.

**C. Major Legal and Factual Issues**

The principal legal issues include whether Plaintiffs engaged in activity protected by 42 U.S.C. § 3617; whether any challenged conduct constitutes an adverse action within the meaning of that statute; whether Plaintiffs can establish a causal connection between any protected activity and any challenged action; the conduct, if any, attributable to each Defendant; the admissibility and effect of certain evidence; and the nature, causation, and amount of any recoverable damages.

The principal factual issues include the timing, basis, and implementation of any changes to Plaintiffs' RentCafe access; communications concerning Plaintiffs' towing-related complaints; communications and interactions between property management and TNT Recovery Services; the

circumstances surrounding the October 15, 2024 apartment inspection and related charges; the basis for the October 22, 2024 10-Day Notice of Termination; the availability and acceptance of payment methods; the circumstances surrounding the related eviction proceedings; and the nature and extent of Plaintiffs' claimed damages.

**D. Relief Sought**

Plaintiffs seek compensatory damages, nominal damages if warranted, punitive damages to the extent permitted by law and supported by the evidence, taxable costs, prejudgment and post-judgment interest to the extent permitted by law, and such other legal or equitable relief as the Court deems just and proper. Plaintiffs also demand a jury trial.

## II. JURISDICTION

**A. Federal Question Jurisdiction**

The Court has federal-question jurisdiction under 28 U.S.C. § 1331 and civil-rights jurisdiction under 28 U.S.C. § 1343 because Plaintiffs assert a claim under 42 U.S.C. § 3617. A private civil action is authorized by 42 U.S.C. § 3613.

**B. Diversity or Supplemental Jurisdiction**

Plaintiffs do not rely on diversity jurisdiction. The operative Second Amended Complaint asserts a single federal claim under the Fair Housing Act.

## III. STATUS OF SERVICE

All remaining Defendants have appeared through counsel. Plaintiffs are not aware of any outstanding service issue as to the remaining Defendants.

## IV. CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

There is not unanimous consent to proceed before a Magistrate Judge.

## V. MOTIONS

**A. Pending Motions**

Defendants filed their Answer to Plaintiffs' Second Amended Complaint and Affirmative Defenses on October 6, 2026 (ECF No. 56). No motion directed to the Second Amended Complaint is presently pending.

**B. Response to the Second Amended Complaint**

Defendants responded to the Second Amended Complaint by filing an Answer and Affirmative Defenses on October 6, 2026 (ECF No. 56).

## VI. CASE PLAN

**A. Proposed Discovery Plan**

The parties anticipate discovery concerning, among other things, resident-account and RentCafe access records; account and payment records; communications concerning Plaintiffs and their complaints; communications with TNT Recovery Services; towing-vendor agreements and related records; the October 2024 inspection and associated charges; the October 22, 2024 10-Day Notice; lease-enforcement and eviction decisions; relevant policies and procedures; the related state-court proceedings; and Plaintiffs' claimed damages. The parties anticipate written discovery, requests for admission, appropriate third-party discovery, and depositions of parties and non-party witnesses with relevant knowledge.

Plaintiffs do not presently anticipate expert testimony. Defendants likewise do not presently know whether expert testimony will be necessary and reserve the right to identify experts if warranted by the issues developed in discovery, subject to the Federal Rules of Civil Procedure and any scheduling order entered by the Court.

**Parties' Proposed Schedule**
**Rule 26(a)(1) initial disclosures: October 27, 2026**
**First date to issue written discovery: October 28, 2026**
**Deadline to amend pleadings or join parties: January 15, 2027**
**Fact discovery completion: May 30, 2027**
**Plaintiffs' expert disclosures/reports, if any: July 30, 2027**
**Defendants' expert disclosures/reports, if any: August 31, 2027**
**Rebuttal expert disclosures/reports, if any: September 17, 2027**
**Expert discovery completion: September 30, 2027**
**Dispositive motions: October 29, 2027, or such date as the Court sets following completion of discovery.**

**B. Trial**

Plaintiffs request a jury trial. Plaintiffs presently estimate that trial would require approximately four to five trial days, subject to development of the record through discovery. Defendants presently estimate that trial would require approximately three to five trial days, subject to the scope of claims, witnesses, and evidence remaining after discovery and any dispositive motions.

## VII. STATUS OF SETTLEMENT DISCUSSIONS

The parties have not yet engaged in substantive settlement negotiations concerning the Second Amended Complaint. Plaintiffs are willing to participate in good-faith settlement discussions and would be open to a settlement conference after sufficient initial discovery has occurred to permit meaningful evaluation of the claims and defenses. Defendants do not presently request a settlement conference.

Dated: October 12, 2026

Respectfully submitted,

**/s/ Alfred Holt**
Alfred Holt, Pro Se
4105 Bertrand Ln
Beach Park, IL 60099
(847) 302-3248
albizsmart@gmail.com

**/s/ Marilia Coutinho Espinola**
Marilia Coutinho Espinola, Pro Se
4105 Bertrand Ln
Beach Park, IL 60099
(847) 302-3248
mariliaholt@gmail.com

/s/ *Zachary G. Stillman*
One of the Attorneys for Defendants
Phillip G. Litchfield (6317818)
Zachary G. Stillman (6342749)
**LITCHFIELD CAVO LLP**
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6584 (Litchfield)
(312) 781-6672 (Stillman)
LitchfieldP@LitchfieldCavo.com
Stillman@litchfieldcavo.com